■ HERBERT L. BRICKMAN, Respondent, v F. W. WOOLWORTH COMPANY, Appellant. — Judgment, Supreme Court, New York County (Grossman, J.), entered February 11, 1981, in plaintiff's favor for the sum of $252,400.58, together with interest and costs, is unanimously modified, on the law and the facts, so as to reduce the principal amount of such judgment from $252,400.58 to $172,023.58, together with interest from December 1, 1974 and costs, and

the judgment is otherwise affirmed, without costs. On a previous appeal in this breach of contract action, this court sustained the finding of liability but remanded for a hearing on damages only *(Brickman v Woolworth Co.,* 66 AD2d 737). This court said: "The hearing will confine itself to plaintiff's out-of-pocket expenses and reasonable value of his services, less the value of the land at date of breach of contract." The hearing has now been held. The Trial Judge has found plaintiff's out-of-pocket expenses at $352,400.58; the reasonable value of plaintiff's services at $250,000; the value of the land at the date of the breach at $350,000. With respect to out-of-pocket expenses: defendant's only criticism on this appeal is the inclusion of the amount of $2,377 in the prepaid interest item of $7,130 on the Gydus mortgage. Defendant argues that $2,377 of this item was applicable to the period after the stipulated date of breach, December 1, 1974, and that, therefore, plaintiff was not entitled to that. The award is inconsistent with the award of $2,333 mortgage interest on the Peloquin property where the interest was not paid until after December 1, 1974, but the $2,333 was applicable on an accrual basis for the period before December 1, 1974. Plaintiff is entitled to recovery of interest on a cash basis or on an accrual basis but not on two different bases on two different items, depending upon which is more favorable to him. Accordingly, we reduce the allowed interest on the Gydus property by $2,377, thus reducing the allowed out-of-pocket expenses to $350,023.58. With respect to the reasonable value of plaintiff's services: plaintiff claims that he has spent 3,000 hours, substantially full time at 40 hours a week, on this project, and that he thought the services of an attorney of his experience were worth $100 per hour. Even passing the question of whether this hourly rate would be applicable to the nature of plaintiff's services in this case, we think the estimate of hours is grossly exaggerated. The trial court thought so too, reducing the allowance to 2,500 hours at $100 per hour. We think even this is an overstatement of the time plaintiff probably spent. It is clear that during the period in question, plaintiff was also conducting a personal injury negligence law practice in New York, that he had about 50 cases pending, and that he was also personally managing two other shopping centers. We think that a more reasonable allowance of the time spent by plaintiff would be an average of 20 hours per week over the 86-week period involved or 1,720 hours, which at a rate of $100 per hour would come to $172,000. To the extent that this still resolves some uncertainties, such as a proper hourly rate, in favor of plaintiff, that is justified under the doctrine that "when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain." *(Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205, 209.) Accordingly, we reduce the award for reasonable value of plaintiff's services from $250,000 to $172,000. We see no reason to interfere with the trial court's determination of the value of the land on December 1, 1974 as $350,000. Applying the foregoing figures, we have $350,023.58 plus $172,000 minus $350,000 equals $172,023.58 as the net recovery to be awarded to plaintiff, together with interest and costs. Concur — Kupferman, J. P., Carro, Lupiano, Silverman and Lynch, JJ.